Copy

**After Recording Return To:**
**CoreLogic SolEx**
**1637 NW 136th Avenue Suite G-100**
**Sunrise, FL 33323**

**This Document Prepared By:**
_Azra Habibiia_
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**Parcel ID Number:** ▆▆▆▆▆

_____ [Space Above This Line For Recording Data] _____
Original Recording Date: December 06, 2007                     Loan No▆
Original Loan Amount: $416,500.00                              Investor Loan No▆
New Money: $186,734.21

# LOAN MODIFICATION AGREEMENT
### (Providing For Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 16th day of December, 2015, between RODD H. SIMONELLI and LINDA A. SIMONELLI ("Borrower") and NATIONSTAR MORTGAGE LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated November 23, 2007 and recorded in Book/Liber OR 44879, Page 70, Instrument No: 107549696, of the **Official Records (Name of Records)** of BROWARD County, FL **(County and State, or other Jurisdiction)** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**11701 NW 18TH CT, PLANTATION, FL 33323,**
(Property Address)
the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of December 1, 2015, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $587,969.53, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $58,509.53 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and



Copy

Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $529,460.00. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 4.250%, from December 1, 2015. Borrower promises to make monthly payments of principal and interest of U.S. $2,295.85, beginning on the 1st day of January, 2016, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of 4.250% will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be December 1, 2055.

3.  Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4.  If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)   all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7.  Borrower understands and agrees that:

    (a)   All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)   All covenants, agreements, stipulations, and conditions in the Note and Security



(page 2 of 6)

Copy

Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

8. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

9. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

10. Pursuant to Section 199.145(4)(b), Florida Statutes, additional nonrecurring intangible tax is due. This Mortgage is given in connection with the refinancing of an obligation secured by an existing mortgage, recorded in Official Records Book OR 44879, Page 70, Instrument No: 107549696,



Copy

Public Records of BROWARD County, Florida from the Mortgagor hereunder to the Mortgagee hereunder, or to the assignor of the Mortgagee hereunder. As of the date of refinancing, the unpaid principal balance of the original obligation, plus accrued by unpaid interest, secured by the existing mortgage is equal to $401,235.32. The principal balance of the new obligation secured by this Mortgage is $587,969.53, which amount represents, as of the refinancing, the excess of the unpaid principal balance of the original obligation, plus accrued by unpaid interest. Notwithstanding anything to the contrary contained in the foregoing, if the obligor under the new obligation is not liable to the obligee under the obligation secured by this Mortgage, then the additional nonrecurring intangible tax shall be computed on the entire principal balance of the new obligation.

In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, I will remain liable for and bear my own attorney fees and cost incurred in connection with any such action(s).



In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**RODD H. SIMONELLI** -Borrower

_____ (Seal)
**LINDA A. SIMONELLI** -Borrower

_____-Witness          _____-Witness
Signature                                 Signature

Lillie B. Griffin -Witness          DARREN HODGECEYJR-Witness
Print Name                                Print Name

_____ [Space Below This Line For Acknowledgments] _____
State of Florida
                                    ss.
County of Broward
The foregoing instrument was acknowledged before me, Notary Public this __3__ day of
__March__, 20 16, by RODD H. SIMONELLI and LINDA A. SIMONELLI who is personally
known to me or who has produced __Drivers License__ as identification.

_____
(Signature of person taking acknowledgment)

Lillie B. Griffin
(Name typed printed or stamped)

Notary Public
(Title or Rank)

FF 918393
(Serial Number if any)
My Commission expires : __9/28/2019__

**LILLIE B. GRIFFIN**
Notary Public - State of Florida
Commission # FF 918393
My Comm. Expires Sep 28, 2019
Bonded through National Notary Assn.




Copy

**NATIONSTAR MORTGAGE LLC**

By: _Azra Habibija_ _____ (Seal) - Lender
Name: _Azra Habibija_
Title: Assistant Secretary

_____  _3/17/16_
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TX
County of Dallas

Before me _Paige Baudin_ /Notary Public (name/title of officer) on this day
personally appeared _Azra Habibija_ the Assistant Secretary of Nationstar
Mortgage LLC, known to me for proved to me on the oath of _____ or through
_____ (description of identity card or other document)) to be the
person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed
the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _17th_ day of _March_ , A.D. _2016_

_Paige Baudin_
Signature of Officer

_Notary Public_
Title of Officer

My Commission expires : _12-15-19_

PAIGE BAUDIN
Notary Public, State of Texas
Comm. Expires 12-15-2019
Notary ID 130469642



Copy

## Exhibit "A"

Loan Number: ▓▓▓▓▓▓▓▓

**Property Address: 11701 NW 18TH CT, PLANTATION, FL 33323**

Legal Description:

ALL THAT CERTAIN PARCEL OF LAND SITUATED IN THE COUNTY OF BROWARD AND STATE OF FLORIDA BEING BOUNDED AND DESCRIBED AS FOLLOWS: A PORTION TO TRACT 60, SECTION 25, TOWNSHIP 49 SOUTH, RANGE 40 EAST, FLORIDA FRUIT LANDS COMPANY SUBDIVISION NO. 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 2, PAGE 17 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA, MORE FULLY DESCRIBED AS FOLLOWS (IDENTIFIED FOR CONVENIENCE AS LOT 2 OF TRACT 60). COMMENCING AT THE NORTHWEST CORNER OF THE SOUTHEAST 1/4 OF SECTION 25, THENCE SOUTH 0 DEGREES 17 MINUTES 10 SECONDS EAST ALONG THE WEST LINE OF THE SAID SOUTHEAST 1/4 OF SECTION 25, A DISTANCE OF 1342.48 FEET TO THE NORTHWEST CORNER OF SAID TRACT 60, THENCE SOUTH 89 DEGREES 53 MINUTES 04 SECONDS EAST ALONG THE NORTH LINE OF SAID TRACT 60, A DISTANCE OF 276.73 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING SOUTH 89 DEGREES 53 MINUTES 04 SECONDS EAST ALONG THE SAID NORTH LINE A DISTANCE OF 261.44 FEET; THENCE SOUTH 0 DEGREES 08 MINUTES 33 SECONDS EAST A DISTANCE OF 177.37 FEET; THENCE NORTH 89 DEGREES 55 MINUTES 54 SECONDS WEST A DISTANCE OF 261.44 FEET; THENCE NORTH 0 DEGREES 08 MINUTES 33 SECONDS WEST A DISTANCE OF 177.58 FEET TO THE POINT OF BEGINNING, LESS THE NORTH 20.00 FEET AND THE SOUTH 25.00 FEET THEREOF. SAID LAND SITUATE, LYING AND BEING IN BROWARD COUNTY, FLORIDA.





Exhibit A Legal Description Attachment 11/12

*Page 1 of 1*

Copy

**This Document Prepared By:**
Name: _Azza Habibija_
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

Date: December 16, 2015

Loan Number: ▓▓▓▓▓▓▓
Lender: NATIONSTAR MORTGAGE LLC

Borrower: RODD H. SIMONELLI

Property Address: 11701 NW 18TH CT, PLANTATION, FL 33323

## Florida
## Affidavit of Continuous Marriage

STATE OF FLORIDA

COUNTY OF _Broward_

BEFORE ME, the undersigned Notary Public, personally known to me or who had produced _Drivers License_
as identification appeared **RODD H. SIMONELLI**, (hereinafter "Affiant"), who being by me first duly sworn, deposes and
says:

1.    Affiant is over the age of eighteen (18) years.

2.    This Affidavit pertains to the following real property: **11701 NW 18TH CT, PLANTATION, FL 33323**

3.    Affiant is executing this Affidavit for the purpose of establishing in the public records that he/she is married to
      _Linda D. Simonelli_, and such marriage has been continuous and uninterrupted from a date
      prior to his/her acquisition of the above-described property through the date of this Affidavit.

4.    Affiant is aware that grantee/lender and _____ Title Insurance Company are relying
      upon this Affidavit to issue title insurance policies without exception to the matter(s) noted above.

5.    Affiant is familiar with the nature of an oath and with the penalties provided by the laws of the State of Florida for
      falsely swearing to statements made in an Affidavit of this nature.

Affiant has caused this Affidavit to be executed this _3rd_ day of _March_, 20 _16_.

Copy

**RODD H. SIMONELLI**

SWORN TO AND SUBSCRIBED before me this ___3-d___ day of ___March___, 20 _16_ .

My Commission Expires: ___9/25/19___

Notary Public

LILLIE B. GRIFFIN
Notary Public - State of Florida
Commission # FF 918393
My Comm. Expires Sep 28, 2019
Bonded through National Notary Assn.

Page 3 of 3



Copy

This Document Prepared By:
Name: _Ara  Habibija_
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

Loan Number: ▓▓▓▓▓                                     Date: December 16, 2015
Lender: NATIONSTAR MORTGAGE LLC

Borrower: LINDA A. SIMONELLI

Property Address: 11701 NW 18TH CT, PLANTATION, FL 33323

## Florida
## Affidavit of Continuous Marriage

STATE OF FLORIDA

COUNTY OF _Broward_

BEFORE ME, the undersigned Notary Public, personally known to me or who had produced _Drivers License_ as identification appeared **LINDA A. SIMONELLI**, (hereinafter "Affiant"), who being by me first duly sworn, deposes and says:

1. Affiant is over the age of eighteen (18) years.

2. This Affidavit pertains to the following real property: 11701 NW 18TH CT, PLANTATION, FL 33323

3. Affiant is executing this Affidavit for the purpose of establishing in the public records that he/she is married to _Bodd H. simone 1h_, and such marriage has been continuous and uninterrupted from a date prior to his/her acquisition of the above-described property through the date of this Affidavit.

4. Affiant is aware that grantee/lender and _____ Title Insurance Company are relying upon this Affidavit to issue title insurance policies without exception to the matter(s) noted above.

5. Affiant is familiar with the nature of an oath and with the penalties provided by the laws of the State of Florida for falsely swearing to statements made in an Affidavit of this nature.

Affiant has caused this Affidavit to be executed this _3_ day of _March_, 20 _16_.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓           ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Copy

_Linda A. Simonelli_
LINDA A. SIMONELLI

SWORN TO AND SUBSCRIBED before me this ___3rd___ day of ___March___, 20 _16_.

_Lillie B. Griffin_
Notary Public

My Commission Expires: ___9/28/2019___

LILLIE B. GRIFFIN
Notary Public - State of Florida
Commission # FF 918393
My Comm. Expires Sep 28, 2019
Bonded through National Notary Assn.